UNITED STATES DISTRICT COURT
FOR THE
WESTERN DISTRICT OF TENNESSEE

**Yolanda Beasley**,

                Plaintiff,

v.

**Ox Car Care, Inc.**,

                Defendant.

Case No.

Complaint and Demand for Jury Trial

## COMPLAINT

**Yolanda Beasley** (Plaintiff), by and through his attorneys, **Kimmel & Silverman, P.C.**, alleges the following against **Ox Car Care, Inc.** (Defendant):

### INTRODUCTION

1. Plaintiff's Complaint is based on the Telephone Consumer Protection Act (TCPA), 47 U.S.C. §227 *et seq*.

### JURISDICTION AND VENUE

2. This Court has subject-matter jurisdiction over this case under 28 U.S.C. §1331, which grants this court original jurisdiction of all civil actions arising under the laws of the United States, confirmed as applying to cases under the TCPA by Mims v. Arrow Financial Services, LLC, 565 U.S. 368 (2012).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business in the State of Tennessee.

4. Venue is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

5. Plaintiff is a natural person residing in Memphis, Tennessee.

6. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

7. Defendant is a business entity with headquarters, principal place of business, or otherwise valid mailing address at 18012 Cowan, Suite 100, Irvine, California 92612.

8. Defendant is a "person" as that term is defined by 47 U.S.C. § 153(39).

9. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers

## FACTUAL ALLEGATIONS

10. Plaintiff has a cellular telephone number.

11. Plaintiff has only used this phone number as a cellular telephone.

12. Defendant repeatedly called Plaintiff on her cellular telephone for solicitation purposes.

13. When contacting Plaintiff on his cellular telephone, Defendant used an automatic telephone dialing system and automatic and/or pre-recorded messages.

14. Plaintiff knew Defendant was calling her using an automatic telephone dialing system and automatic and/or pre-recorded messages as she received calls from Defendant that began with a noticeable pause or delay prior to a live representative of Defendant coming on the line.

15. Defendant's calls were not made for "emergency purposes" rather the calls were made for solicitation purposes.

16. Upon the initiation of calls or shortly thereafter, Plaintiff declined the services that Defendant had been offering and demanded that they stop calling her cellular telephone.

17.     Defendant heard and acknowledged Plaintiff's instruction to stop calling.

18.     Once Defendant was informed that its calls were unwanted and that Plaintiff wanted Defendant to stop placing calls to his cellular telephone, its continued calls could have served no lawful purpose.

19.     Despite Plaintiff's clear demand to refrain from contacting her, Defendant persisted in calling Plaintiff repeatedly.

20.     Defendant's incessant calls were bothersome, disruptive and frustrating for Plaintiff to endure.

## COUNT I
## DEFENDANT VIOLATED THE
## TELEPHONE CONSUMER PROTECTION ACT

21.     Plaintiff incorporates the forgoing paragraphs as though the same were set forth at length herein.

22.     Defendant initiated multiple automated telephone calls to Plaintiff's cellular telephone using an automated message and/or prerecorded voice.

23.     Defendant initiated these automated calls to Plaintiff using an automatic telephone dialing system.

24.     Defendant's calls to Plaintiff were not made for emergency purposes.

25.     Defendant's calls to Plaintiff were made after Plaintiff had explicitly revoked any consent that was previously given.

26.     Defendant's acts as described above were done with malicious, intentional, willful, reckless, wanton and negligent disregard for Plaintiff's rights under the law and with the purpose of harassing Plaintiff.

27. The acts and/or omissions of Defendant were done unfairly, unlawfully, intentionally, deceptively and fraudulently and absent bona fide error, lawful right, legal defense, legal justification or legal excuse.

28. As a result of the above violations of the TCPA, Plaintiff has suffered the losses and damages as set forth above entitling Plaintiff to an award of statutory, actual and trebles damages.

WHEREFORE, Plaintiff, YOLANDA BEASLEY, respectfully prays for a judgment as follows:

    a. All actual damages suffered pursuant to 47 U.S.C. §227(b)(3)(A);

    b. Statutory damages of $500.00 per violative telephone call pursuant to 47 U.S.C. §227(b)(3)(B);

    c. Treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(b)(3);

    d. Additional treble damages of $1,500 per violative telephone call pursuant to 47 U.S.C. §227(c).

    e. Injunctive relief pursuant to 47 U.S.C. §227(b)(3);

    f. Any other relief deemed appropriate by this Honorable Court.

## **DEMAND FOR JURY TRIAL**

**Please take notice** that Plaintiff, **YOLANDA BEASLEY**, demands a jury trial in this case.

                                                                                                    Respectfully submitted,

Dated: 5/26/2020                                                  By: *s/ Amy L. Bennecoff Ginsburg*
                                                                                  Amy L. Bennecoff Ginsburg, Esq.
                                                                                  Kimmel & Silverman, P.C.
                                                                                  30 East Butler Pike
                                                                                  Ambler, PA 19002
                                                                                  Phone: 215-540-8888
                                                                                  Facsimile: 877-788-2864
                                                                                  Email: teamkimmel@creditlaw.com