BRYAN OWENS SAHAGUN, Esq. (SBN 277909)
    Email: bryan@sahagunlaw.com
**SAHAGUN LAW**
4505 Allstate Drive, Suite 102
Riverside, California 92501
Telephone:   (951) 682-4525
Facsimile:   (951) 682-4529

Attorney for Defendant,
**OX CAR CARE, INC.**

# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| YOLANDA BEASLEY,<br><br>            Plaintiff,<br><br>      vs.<br><br>OX CAR CARE, INC.,<br><br>            Defendants. | Case No.: 2:20-cv-02375<br><br>**DEFENDANT OX CAR CARE, INC.'S ANSWER TO COMPLAINT AND DEMAND FOR JURY TRIAL** |

TO THE COURT, ALL PARTIES, AND THEIR ATTORNEYS OF RECORD HEREIN:

Defendant OX CAR CARE, INC. hereby pleads its Answer and affirmative defenses to Plaintiff's Complaint as follows:

## ANSWER TO COMPLAINT
### INTRODUCTION

1.  This paragraph is not an allegation.

### JURISDICTION AND VENUE

2.  This paragraph is not an allegation.
3.  Admitted.
4.  Admitted.

/ / /

/ / /

|   |   |
|---|---|
| 1 | **PARTIES** |

2.     5.    Defendant lacks sufficient information and belief to admit or deny this allegation.

6.    Defendant lacks sufficient information and belief to admit or deny this allegation.

7.    Admit that Defendant is a business entity. Deny that Defendant's principal place of business is 18012 Cowan, Suite 100, Irvine, California 92612.

8.    Admitted.

9.    Defendant denies the allegations in this Paragraph.

**FACTUAL ALLEGATIONS**

10.    Defendant lacks sufficient information and belief to admit or deny this allegation.

11.    Defendant lacks sufficient information and belief to admit or deny this allegation.

12.    Defendant denies the allegations in this Paragraph.

13.    Defendant denies the allegations in this Paragraph.

14.    Defendant denies the allegations in this Paragraph.

15.    Admitted that if Defendant made any calls to Plaintiff they were not made for emergency purposes.

16.    Defendant denies the allegations in this Paragraph.

17.    Defendant denies the allegations in this Paragraph.

18.    Defendant denies the allegations in this Paragraph.

19.    Defendant denies the allegations in this Paragraph.

20.    Defendant denies the allegations in this Paragraph.

/ / /

/ / /

/ / /

## COUNT 1

## DEFENDANT VIOLATED THE

## TELEPHONE CONSUMER PROTECTION ACT

21. Defendant incorporates the foregoing paragraphs as though the same were set forth at length herein.

22. Defendant denies the allegations in this Paragraph.

23. Defendant denies the allegations in this Paragraph.

24. Admitted that if Defendant made any calls to Plaintiff they were not made for emergency purposes.

25. Defendant denies the allegations in this Paragraph.

26. Defendant denies the allegations in this Paragraph.

27. Defendant denies the allegations in this Paragraph.

28. Defendant denies the allegations in this Paragraph.

## **AFFIRMATIVE DEFENSES**

1. Plaintiff's Complaint, and each and every purported cause of action asserted therein, fails to state facts sufficient to constitute any causes of action against this answering Defendant.

2. All of Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

3. By her conduct, Plaintiff has waived any right to recover any relief under the Complaint or any purported cause of action alleged therein.

4. All of Plaintiff's claims are barred, in whole or in part, because the Plaintiff has engaged in conduct with respect to the activities that are the subject of the Complaint, and by reason of said activities and conduct, is estopped from asserting any claim or damages or seeking any other relief against this answering Defendant.

5. All of Plaintiff's claims are barred, in whole or in part, because her alleged damages, if any, were caused by parties other than this Defendant.

/ / /

6. Plaintiff's claims are barred, in whole or in part, by the doctrine of unclean hands.

7. Plaintiff assumed the risk of the occurrence of the claim she now prosecutes.

8. At all times relevant herein, Plaintiff consented to any calls made to her.

9. The calls alleged herein were made manually and not with an autodialer.

10. Plaintiff suffered no charges for the calls upon which she complains.

11. At all times alleged herein, Defendant and Plaintiff had an established business relationship.

12. At all times alleged herein, Defendant had established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the TCPA and the regulations.

13. The TCPA is unconstitutional.

### PRAYER FOR RELIEF

WHEREFORE, this answering Defendant prays as follows:

1. That Plaintiff takes nothing by her Complaint;

2. Plaintiff's Complaint herein be dismissed in its entirety with prejudice;

3. Defendant recovers costs of suit;

4. Defendant recover reasonable attorney fees incurred herein, as applicable;

5. Such other and further relief as the court deems just and proper.

/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /
/ / /

## DEMAND FOR JURY TRIAL

Defendant demands a jury trial on all matters so triable.

Respectfully submitted,

**SAHAGUN LAW**

DATED: July 27, 2020            By:     /s/ Bryan Owens Sahagun
                                        BRYAN OWENS SAHAGUN
                                        Attorneys for Defendant,
                                        **OX CAR CARE, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing pleading has been served via the Court's Electronic Case Filing System to the following:

Amy Bennecoff Ginsburg, Esq.

KIMMEL & SILVERMAN, P.C.

30 E. Butler Avenue

Ambler, PA 19002

Respectfully submitted,

**SAHAGUN LAW**

DATED: July 27, 2020            By:     /s/ Bryan Owens Sahagun
                                        BRYAN OWENS SAHAGUN
                                        Attorneys for Defendant,
                                        **OX CAR CARE, INC.**